PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. AURORO URBISTONDO PÉREZ, Defendant and Appellant.

No. 6740.   Argued November 9, 1937.—Decided November 23, 1937.

*E. Martínez Avilés* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This case involved a violation of the act (No. 75) to regulate the operation of motor vehicles in Puerto Rico, approved on April 13, 1916 (Laws, p. 140).

The prosecution was instituted with a complaint, which, insofar as material, reads literally as follows:

"I, Pablo Martínez, L. C. I. P. number 126, resident of Vega Baja, Betances street, of legal age, file complaint against Auroro Urbistondo Pérez, chauffeur number 34893, for an offense of violating Section 12, sub-section (a) of the Automobile Law, committed in the following manner: That on January 31, 1936 (3:30 p. m.), and on highway number 2, kilometer 43.1, in Vega Baja, P. R., in the Municipal Judicial District of Vega Baja, which forms part of the Judicial District of Bayamón, P. R., the defendant Auroro Urbistondo Pérez, then and there, unlawfully, wilfully, and maliciously, violated the provisions of Section 12, subdivision (a) of the Motor Vehicle Act, in that while driving in the place above mentioned, which is a public highway, the Ford automobile P–2349, property of Ramón Rosado and which is a motor vehicle, he did not exercise due care or take reasonable precaution to insure the safety of persons and property, driving the said vehicle at an excessive speed and without sounding warning, as a result of which he ran over the woman, Cruz Sepúlveda, causing her to suffer the following bruises, to-wit: a bruise on the right side of the head, a serious bruise on the left elbow, a bruise on the right forearm and bruises on both legs; being treated by Dr. Fructuoso Sánchez Castaño in the Municipal Hospital; all contrary to the law there made and provided."

The case was heard in the municipal court and the defendant convicted. The defendant appealed to the district court where the case was tried *de novo* and the defendant was again convicted. He then appealed to this Court, contending that the district court had erred in finding him guilty.

"... for the reason that the complaint does not charge the commission of any public offense.

"This demurrer for failure to state facts is based upon the decisions of this Court in the cases of *People* v. *Borque,* 25 P.R.R. 553; *People* v. *Rivera,* 26 P.R.R. 393; *People* v. *Salgado,* 27 P.R.R. 804; and *People* v. *Matienzo,* 27 P.R.R. 838, in which it was held that in complaints of this nature, so drafted, the defendant is charged with no concrete offense whatever, since Section 12 of Act No. 75 of 1916, a violation of which is involved, contains eight subsections, the first general, and the remainder bearing on specific cases, and that in a

complaint based upon such Section, it is not sufficient to state in general that the chauffeur did not take due precautions in driving the vehicle to insure the safety of persons and property, but that it is necessary to specify in addition that he did some act in violation of some of the various specific provisions contained in that Section.

"It is not sufficient to have alleged that the defendant was driving at an excessive speed and without sounding warning, since the circumstances under which the defendants would have been obliged to comply with those requirements of the law have to be expressed . . . *People* v. *Ramos,* 43 P.R.R. 68."

Subsequent to the cases cited by the appellant, this Supreme Court in the case of *People* v. *Figueroa,* 48 P.R.R. 731, speaking through Mr. Justice Hutchison, said, in part, as follows:

"The complaint filed in the municipal court charged that:

" ' . . . . the said Horacio Figueroa was operating the heavy motor vehicle plate-number H–469 without exercising due care or taking every reasonable precaution to insure the safety of persons and property, with one of the back covers (*tapas*) of the said truck swinging by a rope from one side to the other in such a way that on passing complainant at h. 9 of the said road, the said cover (*tapa*) struck him in such a manner that it threw him to the ground, seriously injuring him and leaving him unconscious, with his skull fractured, with the result that he had to be confined in the Hospital de Damas de Ponce.'

"The district court when the case came on to be heard *de novo,* overruled a demurrer for alleged failure to state an offense, and this is assigned as error. Appellant relies on *People* v. *Borque,* 25 P.R.R. 553, and *People* v. *Rivera,* 26 P.R.R. 392. The complaint in the Borque case set forth that ' . . . . the said defendant, while driving his own car No. 519, wilfully and maliciously failed to take proper precautions in the operation of said car to insure the safety of lives and property, causing the car to strike the boy Joaquín Solá, who received bruises for which he was treated in the emergency hospital at Santurce'. The *fiscal* insisted that the complaint was good because it followed the language of the statute. What was said in the Borque case must be construed in the light of the facts and of the question before this Court. The complaint did not state an offense either under subdivision (*a*) or under any other subdivision of Section 12

of the law. The contention of the *fiscal* could not have been sustained even if the complaint had followed literally the words of subdivision (*a*). That subdivision prescribes in broad and general terms a rule of conduct for persons operating motor vehicles on the public highway. It is not enough in such cases that the complaint should follow the language of the statute. It must be more specific so as to apprise the defendant more definitely as to the nature of the accusation against him. This is the general principle underlying the Borque case which was followed by this Court in *People* v. *Rivera, supra; People* v. *Salgado,* 27 P.R.R. 804; *People* v. *Matienzo,* id. 838; and distinguished in *People* v. *Garcia,* 28 P.R.R. 898.

"This Court has never said, in a case like the one at bar, that it would be impossible to state an offense under subdivision (*a*), unless that offense be also included in some other subdivision of Section 12. Anything contained in previous opinions that might be so construed by inference or implication must be regarded as *obiter dicta* because we have not heretofore been called upon to consider a case such as the one before us. We are now confronted for the first time with a complaint which plainly sets forth an offense covered by the provisions of subdivision (*a*) and not covered by any of the other subdivisions of Section 12 of the law. Subdivision (*a*) is not a mere preamble of introductory paragraph. It is complete in itself and wholly independent of the other subdivisions of Section 12. Each of the other subdivisions is likewise complete in itself and wholly independent of subdivisions (*a*). A violation of any one of these other subdivisions might be charged as a separate offense without any reference whatsoever to subdivision (*a*). A violation of some one or more of these other subdivisions might be charged also by way of specification as a violation of subdivision (*a*). This, however, is not true of all of the other subdivisions. A volation of subdivision (*h*) for example, could not be charged in the language of that subdivision, without more, as a violation of subdivision (*a*). A violation of subdivision (*b*) would not be in any sense a violation of subdivision (*a*), Subdivision (*a*), on the other hand, covers quite a number of offenses which could not be charged as a violation of any of the other subdivisions. A driver who, for instance, backs his car suddenly and without warning from a side street into a crowded thorough fare with reckless disregard for the safety of persons and property would be giulty of a flagrant violation of subdivision (*a*) but could not be successfully charged with a violation of any of the other subdivisions. The case at bar is another shining example. We need not multiply instances of this sort. If none other than violations of the other sub-

divisions can be charged as a violation of subdivision (*a*) then the Legislature did a vain and idle thing in the enactment of that subdivision and we cannot bring ourselves to believe that this was the Legislative intent. Hence, we hold that the district court did not err in overruling the demurrer.''

Although the complaint in the instant case mentions only sub-division (*a*) of Section 12 of the Act, the acts with which the defendant is charged may perhaps be considered as included within the provisions of subdivision (*e*) which directs that ''on overtaking another vehicle or person, warning shall always be given and the person or slower-running vehicle shall draw to the right as far as practicable, and the overtaking vehicle shall always pass to the left,'' but even if this were not true, the conclusion would in any event have to be reached that the complaint charges a specific violation of subdivision (*a*) sufficient under the doctrine laid down in the case of *People* v. *Figueroa, supra.*

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.